# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR W. WELSHANS, | No. 4:16-cv-02297 |
| Plaintiff, | (Judge Brann) |
| v. | |
| JEFFERSON B. SESSIONS,[1] *Attorney General of the United States*, CHRISTOPHER WRAY,[2] *Director of the Federal Bureau of Investigation*, COLONEL TYREE C. BLOCKER, *Pennsylvania State Police Commissioner*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 5, 2018

## I. BACKGROUND

On May 26, 2017, Plaintiff filed a two-count amended complaint pursuing his right to possess a firearm under the Second Amendment to the United States Constitution. Count One is a demand for Declaratory Judgment against all Defendants requesting that this Court decree that Plaintiff regain his private right to possess a firearm, a right he lost in 1999, as well as to expunge the record of his

---

[1] The Complaint named Loretta Lynch, however, Jefferson B. Sessions, III became Attorney General of the United States on February 9, 2017; therefore, pursuant to Fed. R. Civ. P. 25(d), Jefferson B. Sessions is automatically substituted.

[2] The Complaint named Andrew G. Mccabe, however, Christopher Wray became Director of the FBI on August 2, 2017; therefore, pursuant to Fed. R. Civ. P. 25(d), Christopher Wray is automatically substituted.

1999 involuntary commitment.[3] Count Two is a request for injunctive relief to the same end.

## II. DISCUSSION

### A. Motion to Dismiss and Motion for Judgment on the Pleadings Standard of Review

When considering a motion for judgment on the pleadings, this Court uses the same standard employed when it is considering a motion to dismiss for failure to state a claim.[4] Therefore, a court assumes the truth of all factual allegations in the Plaintiff's complaint and draws all inferences in favor of that party;[5] it does not, however, assume the truth of any of the complaint's legal conclusions.[6] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow this Court to infer the Defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[7]

### B. Facts alleged in the amended complaint

Accepting the facts alleged as true, as I must do under Federal Rule of Civil Procedure 12, the story that unfolds is as follows. Plaintiff, Victor W. Welshans,

---

[3] Plaintiff disputes whether the commitment was voluntary or involuntary. For the purposes of the instant motion, it is unnecessary to make that determination.

[4] *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011).

[5] *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[7] *Id.*

hereinafter "Welshans," is a sixty year-old man who was apparently involuntarily committed in 1999 for potentially being a danger to himself and to others, and as such, lost his private right to possess a firearm pursuant to both 18 Pa. C.S.A. §6105(c)(4) and 18 U.S.C. §922(g)(4). However, in his professional capacity as a member of the Army Reserves, including a tour in Iraq in either 2003 or 2004, Welshans was authorized to, and in fact, was required to possess a firearm professionally.

Defendant Jefferson B. Sessions, III is the Attorney General of the United States; Defendant Christopher Wray is the Director of the FBI; and Defendant Colonel Tyree C. Blocker is Commissioner of the Pennsylvania State Police. All Defendants have been named in their official capacity as having allegedly violated Plaintiff's Second Amendment rights.

The involuntary commitment forms had been signed by Welshans's wife in 1999 during a period of martial strife between the couple; significantly, they remain together as a married couple today in a union spanning close to four decades. The four-day mental health confinement nineteen years ago was Welshans's sole commitment to an institution. In his present endeavor to regain his private right to possess a firearm, Welshans underwent a psychiatric evaluation on April 13, 2016. Notably, the evaluator found that Welshans is neither a danger to himself, nor others, nor does he require further mental health treatment.

**C. Defendant Colonel Tyree C. Blocker's Motion for Judgment on the Pleadings is granted in its entirety and Defendants Jefferson B. Sessions and Christopher Wray's Motion to Dismiss is granted, in part, to the extent the complaint requests expungement of Plaintiff's state record of the 1999 involuntary commitment.**

The Honorable Dudley N. Anderson, now a senior judge on the Court of Common Pleas of Lycoming County, previously adjudicated this precise issue between Welshans and the Pennsylvania State Police. On December 9, 2016, Judge Anderson wrote the following:

### *OPINION AND ORDER*

Before the court is Victor Welshans' (Applicant's) Amended Application for Relief from Disability Not to Possess Firearms and for Expungement of Civil Commitment Record, filed August 3, 2016. A hearing on the Application was held November 22, 2016, following which counsel requested and were granted two weeks in which to submit letter briefs. Applicant filed a Memorandum in Support of his application; nothing was submitted or filed by the State Police.

In July 2015, Applicant was denied permission to purchase a firearm based on an involuntary mental health commitment on October 12, 1999, pursuant to 18 Pa.C.S. Section 6105(c)(4).¹ In the instant Application, Applicant seeks to remove that disability and also asks the court to expunge the civil commitment record. Each of these requests is subject to its own standard of review and the court finds that while Applicant is entitled to relief from the firearms disability, he is not entitled to have the record expunged.

## *ORDER*

AND NOW, this 9th day of December 2016, for the foregoing reasons, the Application for Relief from Firearms Disability is hereby GRANTED. The court specifically finds that Victor W. Welshans may possess a firearm without risk to himself or any other person. Pursuant to 18 Pa.C.S. Section 6105(f)(1), the court hereby restores Victor W. Welshans' right to possess, use, control, sell, transfer or manufacture or obtain a license to possess, use control, sell, transfer or manufacture a firearm in this Commonwealth. The

Pennsylvania State Police are hereby directed to include the instant restoration of rights in its database.

The Request for Expungement of the Civil Commitment Record is hereby DENIED.

⁸

Defendant Blocker has appropriately raised *res judicata* as an affirmative defense and a basis upon which to enter judgment on the pleadings in his favor. It

---

⁸ ECF No. 6-1.

is well-established that "To rely on the affirmative defense of *res judicata*, a party must establish three elements: (1) a final judgment on the merits in a prior proceeding that involved (2) the same parties or their privies and (3) the same 'cause of action.'"[9]

Here, in prior proceedings regarding the state statutory prohibition, final judgment on the merits was entered in Welshans' favor as to his right to posses a firearm in his private capacity; final judgment on the merits was entered against Welshans as to his records expungement request. The parties in the Lycoming County proceeding are identical; the cause of action is identical. Accordingly, Defendant Blocker is dismissed from the instant case. Likewise, the motion to dismiss filed by Attorney General Sessions and Director Wray is granted in part to the extent that the amended complaint seeks an expungement of state records.

### D. The remainder of Defendants Attorney General Sessions and Director Wray's Motion to Dismiss is denied.

The balance of the motion of the two federal officials, on the other hand, is denied. I conclude that Welshans has stated a claim for relief. Aside from the fact-intensive inquiry that makes this case one more appropriately decided on a motion for summary judgment, rather than a motion to dismiss, it is a claim that not only survives the instant motion but will likely prove successful at the

---

[9] M.R. v. Ridley Sch. Dist., 744 F.3d 112, 120 (3d Cir. 2014), See, e.g., Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir.2010).

dispositive motion stage of proceedings. The parties should bear that in mind going forward.

The Honorable John E. Jones III, of this Court, recently authored a decision nearly on all fours. In *Keyes v. Sessions*,[10] Plaintiff Keyes was a retired Pennsylvania State Police Officer who was permitted to possess a firearm in his professional capacity as a trooper. He had, however, lost his federal and state private capacity firearm rights by operation of 18 Pa.C.S.A. § 6105(c)(4) and 18 U.S.C. § 922(g)(4) by virtue of an involuntary commitment in 2006 attributed to marital tribulations. The Court of Common Pleas of Perry County, on petition, restored Keyes' private firearm rights. Keyes also petitioned that court for expungement of his involuntary commitment; the court denied that request.

Because the *Keyes* opinion is so meticulously researched and soundly elucidated, and correctly captures the intent of the United States Court of Appeals for the Third Circuit in this complicated area of the law, I will not trouble the reader by restating its elaborate particulars here. I will merely adopt its reasoning by reference in holding that, based on *Keyes*, Welshans has stated a claim for relief sufficient to survive the instant Federal Rule of Civil Procedure 12(b)(6) motion.

---

[10] ___ F. Supp. 3d ___, No. 1:15-CV-457, 2017 WL 4552531 (M.D. Pa. Oct. 11, 2017) (Jones, J.).

## III. CONCLUSION

The Motion to Dismiss of Jefferson B. Sessions and Christopher Wray will be granted in part and denied in part by separate Order. The Motion for Judgment on the Pleadings by Defendant Tyree C. Blocker will be granted by separate Order and final judgment will be entered in his favor.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge